No. 84-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF ERNEST THOMAS
VINBERG, Petitioner.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Morrison, Barron & Young; Robert C. Melcher argued,
Havre, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
Barbara Claassen argued, Asst. Atty. General
Ronald W. Smith, County Attorney, Havre, Montana

Submitted: April 15, 1985

Decided: May 2, 1985

Filed: MAY - 2 1985

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Ernest Vinberg appeals from an order of the Twelfth Judicial District, Hill County, upholding the suspension of his license by the Motor Vehicle Division. We affirm the District Court.

On August 25, 1984 Vinberg was arrested for driving under the influence of alcohol. The arresting officer seized Vinberg's driver's license and took him to the Havre police station where he refused the breath test for alcohol required by the implied consent statute, § 61-8-402, MCA. The arresting officer incorrectly returned Vinberg's license to him and did not issue him a temporary license. The officer did not follow the procedure mandated by § 61-8-402 when he returned Vinberg's license; he should have seized the license and issued Vinberg a 72 hour temporary driving permit.

The officer, otherwise correctly following § 61-8-402(3), sent Motor Vehicle Division (MVD) a sworn statement that he had reasonable grounds for believing Vinberg drove under the influence of alcohol and that Vinberg had refused a chemical test. On August 29, 1984 MVD sent Vinberg a suspension order informing him that his license was suspended for 90 days in accordance with § 61-8-402(5), MCA, and informing him of his appeal rights. Until he received this letter Vinberg continued to drive. On August 31, 1984 he went to his attorney and, according to his testimony, "turned in his license." He did not drive from August 31, 1984 until September 5, 1984 when he petitioned for a hearing and the District Court issued a stay order. A hearing was held on September 24, 1984 and the District Court denied

Vinberg's appeal on October 3, 1984. He retains his license pending this appeal.

The issue Vinberg raises on appeal is whether the State may suspend an individual's license pursuant to § 61-8-402, MCA, when the arresting officer fails to seize the individual's license and fails to issue a 72 hour temporary driving permit as required by § 61-8-402(4). Vinberg argues that the statute is clear and unambiguous concerning issuing a 72 hour permit; therefore not issuing it is fatal to the enforcement of the statute. He also argues that the failure to issue a 72 hour permit results in a denial of his due process rights so that the State is precluded from suspending his license.

We begin by agreeing with Vinberg that the statute clearly and unambigously requires a 72 hour temporary driving permit to be issued. However the officer's error did not deprive Vinberg of property because, although the State failed to issue him a temporary permit, it also failed to seize his license. An error in enforcing a statute does not immediately preclude enforcement of the entire statute. Vinberg is only entitled to relief if he were prejudiced by a denial of due process.

This Court need not reach the issue of whether a denial of due process precludes suspending a driver's license because we find Vinberg received due process. The real issue in this case is whether a hearing after suspension rather than before, which was the ultimate effect of the failure to issue a 72 hour permit, deprived Vinberg of his constitutional right to due process. Although §§ 61-8-402 and 403, MCA, provide a mechanism for a hearing before suspension, in this case Vinberg's license was suspended

- 3 -

before he had a hearing. However, we do not find this to be an unconstitutional denial of due process. The United States Supreme Court, in Mackey v. Montryn (1979), 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321, gave the criteria for determining if the timing of a hearing on the suspension of a driver's license satisfies due process. They applied a three-prong balancing test stated in Mathews v. Eldridge (1976), 424 U.S. 319, 335, 96 S. Ct. 893, 47 L.Ed.2d 18, to determine what process is due to protect against erroneous deprivation of property by administrative action. They balanced the private interest that will be affected, the risk of error, and the government's interest. The United States Supreme Court concluded that deprivation of a driver's license does not require a presuspension hearing, "We conclude, as we did in Love, that the compelling interest in highway safety justifies the [State] in making summary suspension effective pending the outcome of the prompt post-suspension hearing available." Mackey at 19, at 335.

Vinberg did not have a constitutional right to a pre-suspension hearing; due process is satisfied by a prompt post-suspension hearing. The timing of Vinberg's hearing satisfied the criteria of Mackey for availability of a prompt post-suspension hearing. His license was suspended August 31, 1984, he stayed that suspension September 5, 1984 and was given a hearing September 24, 1984.

Vinberg also makes a notice argument. He argues that the State's failure to issue him a 72 hour permit resulted in failure to give notice of his right to a hearing regarding the suspension of his license. It is true that on August 31, 1984, when MVD suspended his license and notified him of his appeal rights, he did not receive 72 more hours to seek a

stay. However, although Vinberg's license was suspended before a hearing was held, that was caused by his choice of action, not the State's action.

Vinberg knew he had been stopped for driving under the influence. He is charged with the knowledge that when stopped with probable cause for driving under the influence his license would be suspended if he refused to consent to a chemical test. Section 61-5-110, MCA, provides in part:

> "The division shall examine every applicant for an operator's or chauffeur's license . . ... Such examination shall include a test of the applicant's . . . knowledge of the traffic laws of this state, . . .. (Emphasis added.)

Vinberg simply cannot argue that the 72 hour permit was necessary to give him notice that the State would suspend his license.

The record is unclear about whether he had notice of his right to appeal. Vinberg urges us to find that failure to inform him of that right precludes suspension. We decline to do so. A petition to a court for a stay is not predicated on a 72 hour permit. He continued in possession of his driver's license until the action of the MVD for suspension. He was then given a prompt hearing and a temporary stay of suspension. He has no grounds to complain about lack of notice of appeal rights at the outset.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

- 5 -

_John Conway Harrison._

_____

_Frank B. Morrison_

_L. C. Gulbrandson_

_William E. Hunt_
Justices